IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *    Crim. No. CCB-18-553 |
| | * |
| GARI TERRELL MILLER | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Gari Miller is a forty-year-old federal prisoner serving a 108-month sentence for drug trafficking. Now pending is Miller's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 57). Miller seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (ECF 65), and Miller has replied, (ECF 67). For the reasons explained below, the motion will be denied.

## BACKGROUND

On April 12, 2018, a Maryland Transportation Authority police officer conducted a traffic stop of a vehicle driven by Miller. During the traffic stop, the officer smelled an odor of marijuana and noticed a cup being used as an ashtray. Miller consented to a pat down, during which the officer felt a suspected controlled substance in Miller's pocket. The officer then searched Miller's person and recovered approximately 49 grams of fentanyl. The officer conducted a search of Miller's vehicle, which recovered $3,300 in U.S. Currency and a notebook that recorded weights, grams, and dollar amounts reflecting drug sales of 832 grams of heroin. (ECF 29, Plea Agreement at 10). On May 9, 2019, Miller pled guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1). (*Id.* at 1). Miller agreed that he had others assisting him with distributing narcotics. (*Id.* at 10). He further agreed pursuant to Rule 11(c)(1)(C) that a sentence of

1

108 months was an appropriate disposition of the case. (*Id.* at 5). The court imposed a sentence of 108 months incarceration, followed by a four-year term of supervised release. (ECF 38, Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

On July 15, 2020, Miller submitted a request for compassionate release to the warden of FCI Fort Dix, where he was then incarcerated. (ECF 62-1 at 2). The government does not contest that Miller has properly exhausted his administrative remedies. Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Miller's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First

Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Miller argues that his risk of developing serious illness related to COVID-19 due to his underlying medical condition (asthma and a BMI indicating he is overweight) constitutes an "extraordinary and compelling reason" to reduce his sentence. (ECF 62-1, Medical Records at 5–6, 10). According to the Centers for Disease Control ("CDC"), people who are overweight or have moderate-to-severe asthma are at an increased risk of severe illness (meaning hospitalization, intensive care, the need for a ventilator, or death) from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021). Further compounding the risk to Miller is the mere fact of his incarceration. *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."); *COVID-19: For People Living in Prisons and Jails*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (updated Mar. 5, 2021) ("Living in prisons and jails puts you at higher risk for getting COVID-19 because: it may be hard to stay at least 6 feet away . . . from other people; there may not be enough

space to keep people with COVID-19 away from others; you may be sharing space with someone who has the virus and does not know it . . . ; staff or visitors may have the virus and not know it.").

Even if the court were to conclude that Miller's health conditions were an "extraordinary and compelling" reason, the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief. The court must consider Miller's history and characteristics and the nature and circumstances of the offense. 18 U.S.C. §§ 3553(a)(1). Miller's conduct was serious—he played a leadership role in a conspiracy to distribute a large quantity of heroin and fentanyl. And this is not Miller's first drug trafficking offense. His criminal record includes a 2017 conviction for criminal conspiracy to violate the Pennsylvania Controlled Substances/Drug Cosmetic Act from which he was on supervised release at the time of the instant offense. (ECF 37, Presentence Report ¶ 33). The court considers this history alongside Miller's post-sentencing conduct, which "provides the most up-to-date-picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2001) (citing 18 U.S.C. § 3553(a)(1)). Miller has completed the BOP's drug education program in which BOP staff observed that Miller "consistently demonstrated himself as an individual who is focused on positive lifestyle changes and not reoffending." (ECF 62-1 at 22). At the time of his motion, Miller had no disciplinary record in the BOP and he had participated in several other courses. (*Id.* at 19). The court is also aware, however, that since his motion was filed, Miller's expected release date has been moved from December 23, 2025 to March 15, 2026. *See "Find an inmate*," BOP, https://www.bop.gov/inmateloc/ (last accessed Aug. 20, 2021).

The court must also ensure that a sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* § 3553(a)(2)(A)–(B). Miller has served approximately 40 months, less than half of his sentence and less than the mandatory minimum sentence for conspiracy convictions involving the distribution of this quantity of heroin. *See* 21 U.S.C.

§ 841(b)(1)(B). In sum, the court appreciates that Miller appears to be doing well with programming but is not persuaded that his record of good conduct has been consistent enough over time to demonstrate that release is currently appropriate. Considering Miller's history and the circumstances and seriousness of the offense, the court finds that a reduction in sentence to time served would not provide adequate deterrence or reflect the seriousness of the offense.

## CONCLUSION

For the foregoing reasons, Miller's motion for compassionate release (ECF 57) will be denied. The associated motions to seal (ECFs 61, 64, 66) will be granted to protect the confidentiality of personal information. A separate Order follows.

 

 8/20/2021                                                                                          /S/
Date                                                                                                Catherine C. Blake
                                                                                                 United States District Judge