IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No. CCB-18-0553 |
| GARI TERRELL MILLER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Now pending is a second motion for compassionate release (ECF 70) and a supplement (ECF 77) filed by Gari Terrell Miller, who is presently serving a sentence of 108 months imposed on September 25, 2019 after Mr. Miller pled guilty to conspiracy to distribute fentanyl and possession with intent to distribute fentanyl. (ECF 38). That sentence was somewhat below the guideline range but followed an agreed-upon recommendation pursuant to Rule 11(c)(1)(C). Mr. Miller argues that his case presents an extraordinary and compelling reason for relief because he is the "only available caregiver for [a] parent." *See* U.S.S.G. § 1B1.13(b)(3)(C).

The court is sympathetic to Mr. Miller's family circumstances. The government may be correct that Mr. Miller does not meet the strict standards of the Guideline, as his mother is still living and there is a brother in the area, but his mother suffers from breast cancer (ECF 70-2) and her health also apparently is declining. His father has advanced prostate cancer (ECF 70-4) and apparently is in home hospice care (ECF 70-2). While Mr. Miller admittedly committed serious crimes, they did not involve violence. He has completed the great majority of his period of incarceration and is eligible for a halfway house or residential reentry center as of December 10, 2024. Considering all the relevant factors, the court concludes that there are extraordinary and

compelling reasons for release, with conditions. Specifically, Mr. Miller's sentence will be reduced to time served plus 14 days. As an additional condition of the four years he has to serve on supervised release, the court will order that he spend the first six months on home detention, leaving his parents' house only with advanced permission from the Probation Officer for matters relating to his parents' health care, such as medical appointments and obtaining prescriptions, and other purposes for which the Probation Officer provides permission.

    A separate order follows.

Date:  October 4, 2024                       /S/ CATHERINE C. BLAKE
                                                  Catherine C. Blake
                                                  United States District Judge